**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KIRK D. CAMPBELL,<br><br>                    Petitioner,<br><br>          v.<br><br>PATRICK A. NOGAN and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>                    Respondents. | Case No. 22cv4849 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Petitioner Kirk Campbell, a prisoner at East Jersey State Prison ("EJSP"), seeks a writ of habeas corpus under 28 U.S.C. § 2254 vacating his state court conviction. D.E. 1 ("Pet."). Respondents Patrick Nogan (EJSP's Warden) and the Attorney General of the State of New Jersey oppose the petition. D.E. 13 ("Opp'n").

For the following reasons, the Court will **DISMISS** Campbell's ineffective assistance of appellate counsel claim as **UNEXHAUSTED**. The Court will **DENY** relief under section 2254 for Campbell's ineffective assistance of trial counsel claims and will **DENY** Campbell a certificate of appealability.

## I.    BACKGROUND[1]

On February 19, 2015, Campbell's girlfriend, J.C.,[2] reported finding "disturbing videos and photographs of small children" on Campbell's phone to the Jersey City Police Department

---

[1] The Court defers to the state courts' factual determinations pursuant to 28 U.S.C. § 2254(e)(1) and adopts the facts as set forth by the New Jersey Superior Court Appellate Division ("Appellate Division") in its direct appeal and collateral review opinions.

[2] The Court continues the Appellate Division's practice of using initials to protect the privacy of the witnesses and other individuals involved.

("JCPD").  *State v. K.D.C.*, 2020 WL 864145, at *1 (N.J. Super. Ct. App. Div. Feb. 21, 2020) ("*Campbell I*").  One child was identified as the niece of Campbell's roommate, L.G., so the police responded to Campbell's apartment to "check on the welfare of the children, secure the apartment for a search warrant, and to bring the occupants down for an interview."  *Id.*

Campbell and L.G. answered the door when police arrived.  *Id.*  L.G. permitted the officers to enter the apartment, and Campbell "did not object to the entry."  *Id.* at *4 & n.2.  JCPD Sergeant Dino Nerney informed Campbell the officers were conducting a welfare check and asked him to go to the station for questioning; Campbell agreed.  *Id.* at *1.  Campbell went to his room to get dressed and "started to close the door behind him; at that point, [JCPD] Officer [Mark] Shaver stepped into the doorway and stopped [Campbell] from closing the door."  *Id.* at *2.  Campbell stated, "'You need a search warrant.  You can't come in here. And I wanna lawyer.'"  *Id.*  Officer Shaver placed Campbell under arrest for obstruction but permitted Campbell to retrieve his jacket from the bedroom.  *Id.*  Officer Shaver then patted Campbell down and located a cell phone in his jacket pocket.  *Id.*

JCPD Officer Mark Sojak obtained the code for the phone from J.C.  *Id.*  Officer Sojak unlocked the phone, "placed the phone in 'airplane mode[,]' and disabled the pattern lock."  *Id.*  "In a supplemental report, Officer Sojak explained that he wanted to 'protect data on the phone' and 'prevent anyone from remotely gaining access to the phone to delete any contents of evidentiary value.'"  *Id.*  After a Superior Court judge issued a Communications Data Warrant, Officer Sojak searched the phone and "viewed videos of two unknown juvenile victims and located over 1800 images and videos of prepubescent children posing in various sexual positions."  *Id.*

A Hudson County grand jury indicted Campbell on September 2, 2015, on three counts of first-degree aggravated sexual assault, three counts of second-degree sexual assault, fourteen

counts of third-degree endangering the welfare of a child, three counts of fourth-degree child abuse, and one count of obstruction.  D.E. 13-2 at 1-7.  A second indictment brought in Hudson County charged Campbell with two counts of endangering the welfare of a child.  *Id.* at 8.

Campbell moved to suppress the evidence found on his phone.  *Campbell I*, at *2.  He argued the evidence must be suppressed because (1) "[t]he initial entry into the home was illegal because it was not conducted pursuant to valid consent" and (2) "[t]he entry into [his] bedroom was illegal because [Campbell] told officers he did not consent to their entry into his personal living space."  *Id.* at *1.  Additionally, "the arrest of [Campbell] in his bedroom was illegal."  *Id.* The trial court conducted a hearing during which L.G.,[3] Sergeant Nerney, and Hudson County Special Victims Unit Lieutenant Honey Spirito testified for the State.  1T & 2T.[4]  Detective Ashley Thormann, Defense Investigator Sabrina Fleurimond, and Campbell testified for the defense.  3T.

The trial court denied Campbell's motion to suppress on March 11, 2016.  4T.  The court found that the JCPD had consent to enter Campbell's apartment and that Officer Shaver had probable cause to arrest Campbell for obstruction after Campbell went against Officer Shaver's instructions and attempted to close his bedroom door.  4T 49:1-11, 54:3-12.  The phone was then

---

[3] Campbell's roommate.

[4] 1T = Transcript of Motion to Suppress, dated January 8, 2016; D.E. 13-3.

2T = Transcript of Motion to Suppress, dated January 12, 2016; D.E. 13-4.

3T = Transcript of Motion to Suppress, dated March 4, 2016; D.E. 13-5.

4T = Transcript of Motion to Suppress, dated March 11, 2016; D.E. 13-6.

5T = Transcript of Plea, dated October 28, 2016; D.E. 13-7.

6T = Transcript of Motion and Sentence, dated September 15, 2017; D.E. 13-8.

7T = Transcript of PCR Hearing, dated January 27, 2021; D.E. 13-9.

seized in a valid search incident to arrest.  4T 54:13-55:3.  The trial court noted that though "going into the phone with the code was inappropriate," the phone's contents were not searched until after a Superior Court judge issued the Communications Data Warrant.  4T 55:21-22, 55:23-56:1.

Campbell pled guilty on October 28, 2016, to four counts of endangering the welfare of a child.  D.E. 13-2 at 103; 5T.  The trial court reviewed the plea agreement and supplemental plea forms with Campbell and discussed his maximum sentencing exposure, 5T 12:21-13:5, as well as the applicability of New Jersey's No Early Release Act and Megan's Law, 5T 13:8-11.  Campbell provided a factual basis for each of the charges, and the trial court accepted his plea.  5T 39:5-17.

Sentencing took place on September 15, 2017.  6T.  Campbell received an aggregate sentence of twenty-five years of imprisonment with an eighty-five percent period of parole ineligibility.  D.E. 13-2 at 117, 219.  He also received a $5500 Sex Crime Victim Treatment Fund ("SCVTF") penalty, among other fines.  *Id.*

Campbell timely appealed the denial of the motion to suppress and his sentence.  *Campbell I*, at *9.  The New Jersey Superior Court Appellate Division ("Appellate Division") affirmed the trial court's denial of the motion to suppress and the length of Campbell's sentence.  *Id.*  However, it found that the trial court had not provided sufficient reasons for imposing the maximum SCVTF penalty and remanded for reconsideration.  *Id.* at *8-9.  The New Jersey Supreme Court denied certification on May 22, 2020.  *State v. K.D.C.*, 241 N.J. 510 (2020) (Table); D.E. 13-2 at 154.

Campbell filed a *pro se* post-conviction relief ("PCR") petition on July 6, 2020.  D.E. 13-2 at 155.  Appointed counsel filed a supplemental petition arguing that Campbell's trial attorney was ineffective for failing to call the arresting JCPD officers as witnesses during the motion to suppress hearing.  *Id.* at 159.  Appointed counsel also added claims that trial counsel pressured

Campbell into pleading guilty and did not sufficiently explain Campbell's sentencing exposure prior to his plea. *Id.*

The PCR court heard oral argument on January 27, 2021, and denied the petition without conducting an evidentiary hearing. 7T. Campbell appealed to the Appellate Division, which affirmed the PCR court's decision. *See State v. K.D.C.*, 2022 WL 2154791 (N.J. Super. Ct. App. Div. June 15, 2022) ("*Campbell II*").

Campbell filed his section 2254 petition on August 2, 2022. Pet. This Court ordered Campbell to show cause why the petition should not be stayed, as Campbell stated that his application for certification was pending in the New Jersey Supreme Court. D.E. 4 (citing 28 U.S.C. § 2254(c)). Campbell responded that he did not object to a stay pending completion of state court review, D.E. 5, so the Court stayed the habeas proceedings on October 7, 2022, D.E. 6.

The New Jersey Supreme Court denied certification on November 16, 2022. *State v. K.D.C.*, 252 N.J. 321 (2022) (Table); D.E. 13-2 at 268. The Court reopened the case and directed Respondents to answer the petition. D.E. 8. Respondents answered on January 25, 2023. Opp'n. Campbell replied on March 15, 2023. D.E. 16 ("Reply").

## II.   LEGAL STANDARD

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted . . . unless the adjudication of the claim . . . resulted in a decision that was" (1) "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[A] state-court decision is an unreasonable application of [the Supreme Court's] clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." *White v. Woodall*, 572 U.S. 415, 426 (2014). The "state court's ruling must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). The Court must presume that the state court's factual findings are correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even if a petitioner meets AEDPA's "difficult" standard, he must still show that any constitutional error had a "substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993); *see Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("[E]ven a petitioner who prevails under AEDPA must still today persuade a federal habeas court that 'law and justice require' relief.").

III.    DISCUSSION

A.  Unexhausted Ineffective Assistance of Appellate Counsel Claim

Campbell argues that his appellate counsel was ineffective for failing to fully litigate his challenge to the motion to suppress.  Pet. at 6.  Respondents argue the claim was unexhausted. Opp'n at 18.  Campbell concedes the claim was unexhausted and requests to withdraw the claim. Reply at 3.

Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).   "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). When confronted with a mixed petition containing both unexhausted and exhausted claims, the Court can "(1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2)."  *Barr v. Warden of N.J. State Prison*, 2016 WL 589675, at *4 (D.N.J. Feb. 11, 2016); *see also McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011).

Campbell has decided to withdraw his unexhausted claim.  Accordingly, the Court will dismiss the ineffective assistance of appellate counsel claim as unexhausted.

**B. Ineffective Assistance during Motion to Suppress**

Campbell alleges that trial counsel was ineffective for failing to call Detective Solte,[5] Officer Sojak, and Officer Shaver to testify during the motion to suppress. "These officer's [sic] testimony was needed to establish the full and fair view of the events that took place which would have afforded [Campbell] to a fair view of the statement of facts and due process." Reply at 5.

To succeed on this claim, Campbell must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Furthermore, the "pivotal question" in a section 2254 *Strickland* claim "is whether the state court's application of the *Strickland* standard was unreasonable[, which] is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Court's review is thus "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). "[T]he question is not whether counsel's actions were reasonable[,] . . . but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The Court finds that the state courts reasonably applied *Strickland* in denying this claim. The Appellate Division concluded Campbell had not presented any evidence that those officers' testimony would have contradicted Sergeant Nerney's testimony. *Campbell II*, at *4. Campbell

---

[5] Detective Solte "is believed to have spoken to [Lieutenant] Spirito from the [SVU] who gave the orders to go to [Campbell's] apartment but not to secure the apartment but to bring everyone down to her office for the safety of the children and to secure [Campbell] and [his] cellphone if found on his person." Reply at 4. No first name is provided.

has not submitted any sworn statements from the officers stating they were available to testify during the suppression hearing and the substance of their testimonies.  Campbell cannot satisfy *Strickland* when he asks the Court to "speculate both as to whether [a witness] would in fact have testified on his behalf and as to what [the witness'] testimony would have been."  *Duncan v. Morton*, 256 F.3d 189, 201 (3d Cir. 2001) (citing *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989)).  The Appellate Division reasonably concluded that Campbell did not support his claim that trial counsel erred by failing to call the witnesses.  Accordingly, the Court will deny habeas relief for this claim.

### C.  Ineffective Assistance during Plea Bargaining

Campbell's other claim of ineffective assistance of counsel fares no better.  Campbell argues that trial counsel "pressured" him into pleading guilty and failed to explain the terms of the offer and sentencing exposure.  D.E. 1-2 at 19.  "[T]rial counsel failed to properly explain the phrases, where 'C/S' represents a consecutive sentence, and 'C/C' represents a concurrent sentence."  Reply at 7.  Campbell "believed he was going to receive a 15-year aggregate prison sentence and did not understand he was going to receive a twenty-five-year prison sentence."  *Id.* "[H]e was pressured into taking a plea deal by the situation where the trial counsel was part of [sic]."  *Id.*

A defendant's "Sixth Amendment right to counsel . . . extends to the plea-bargaining process."  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).  "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . ."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Id.* at 59.  "In other words, in order to

satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The Appellate Division reasonably rejected Campbell's arguments, finding "no credible support in the record." *Campbell II*, at *4. "The plea colloquy establishes that [Campbell] plead [sic] guilty because of 'the situation,' which caused him to feel pressure to plead guilty, not the actions or words of his counsel. *Id.* A guilty plea is not "coerced" when it is "motivated by [a] defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970).

The Appellate Division further concluded that the trial court "went through 'painstaking efforts' to address the consecutive sentences and 'the amount of years and the months and even the days' that [Campbell] would have to serve before he was eligible for parole, for each sentence." *Campbell II*, at *5. Additionally,  trial counsel discussed the meanings of the abbreviations "C/C" and "C/S" on the plea form with Campbell, who "advised the plea judge that his counsel had answered all of his questions." *Id.* The record of the plea hearing supports these conclusions. *See generally* 5T.

Thus, the Appellate Division reasonably applied *Strickland* to Campbell's claim. Accordingly, the Court will deny habeas relief as to this claim.

### D. Evidentiary Hearing

"A district court is required to hold an evidentiary hearing only when the petitioner presents a prima facie showing that 'a new hearing would have the potential to advance the petitioner's claim.'" *Porter v. Adm'r of N.J. State Prison*, 2021 WL 2910944, at *4 (3d Cir. July 12, 2021)

(quoting *Siehl v. Grace*, 561 F.3d 189, 197 (3d Cir. 2009)).  "In other words, this Court must first determine whether the Appellate Division, as the last state court to reach the issue on its merits, issued a decision that was contrary to federal law, an unreasonable application of federal law, or . . . based on an unreasonable determination of the facts."  *Murphy v. Att'y Gen. of N.J.*, 2021 WL 3144641, at *4 (D.N.J. July 26, 2021), *reconsideration denied*, 2022 WL 1213354 (D.N.J. Apr. 25, 2022).  "If no, the inquiry ends there because [the p]etitioner has not satisfied the § 2254(d) standard."  *Id.*

Upon review of the parties' papers and other relevant materials, the Court finds that the Appellate Division reasonably applied *Strickland* to Campbell's claims.  Accordingly, the Court will deny habeas relief without an evidentiary hearing.

### E.  Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a section 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Court will deny a certificate of appealability because no reasonable jurist could find that Campbell substantially showed the denial of a constitutional right.

## V.    CONCLUSION

For the reasons stated above, the Court will **DISMISS** Campbell's ineffective assistance of appellate counsel claim as **UNEXHAUSTED**.  The Court will **DENY** relief under section 2254 for Campbell's ineffective assistance of trial counsel claims and will **DENY** Campbell a certificate of appealability.  An appropriate Order accompanies this Opinion.


Dated: August 17, 2023


_____
Evelyn Padin, U.S.D.J.